**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4107**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CEDRIC LAMONT LEE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, District Judge.  (8:16-cr-00375-TMC-1)

Submitted:  October 23, 2018                    Decided:  October 25, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John M. Ervin, III, ERVIN LAW OFFICE, Darlington, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedric Lamont Lee pled guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2012). The district court sentenced him to 120 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but addressing the validity of Lee's guilty plea and the reasonableness of his sentence. Lee has filed a pro se supplemental brief, challenging the sentencing enhancements imposed. We affirm.

Because Lee did not contest the Fed. R. Crim. P. 11 proceedings in the district court, we review his challenge to the validity of his plea for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Martinez*, 277 F.3d 517, 524-26 (4th Cir. 2002). We have reviewed the record and conclude that the district court fully complied with the requirements of Rule 11 in accepting Lee's guilty plea and committed no plain error.

We review Lee's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We must first determine whether the district court committed significant procedural error, such as incorrect calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). If we find no procedural error, we also examine the substantive reasonableness of the sentence under "the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient,

but not greater than necessary," to satisfy the goals of sentencing. *See* 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Lee bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

The district court's conclusion that Lee possessed the firearm in connection with a felony kidnapping offense is supported by a preponderance of the evidence and therefore the court appropriately determined Lee's Sentencing Guidelines range by applying the cross-reference to the kidnapping Guidelines. *See United States v. Andrews*, 808 F.3d 964, 968 (4th Cir. 2015). The court properly calculated Lee's Guidelines range as 120 months, the statutory maximum, heard arguments from both parties, considered the 18 U.S.C. § 3553(a) sentencing factors, and explained its rationale for the sentence it imposed. We conclude that the court adequately explained its reasons for the sentence imposed and for denying Lee's request for a downward variance. Our review of the record reveals that the 120-month sentence is not unreasonable and not an abuse of discretion. *See United States v. Allen*, 491 F.3d 178, 193 (4th Cir. 2007) (applying an appellate presumption of reasonableness to a sentence imposed within a properly calculated advisory Guidelines range); *see also Rita v. United States*, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Lee's conviction and sentence. This court requires that counsel inform Lee, in writing, of his right to petition

3

the Supreme Court of the United States for further review.  If Lee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Lee.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*